## BORNSTEIN *v.* STATE TAX COMMISSION OF MARYLAND

[No. 232, September Term, 1958.]

*Decided April 14, 1959.*

*Opinion filed May 12, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Calvin R. Sanders,* with whom was *B. J. Tennery* on the brief, for appellants.

*John Martin Jones, Jr., Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

After hearing argument in this case upon the appellee's motion to dismiss the appeal, we granted the motion, and now state the reasons for our action.

The appellants owned three parcels of land improved by apartment houses in Silver Spring, Montgomery County. After due notice, these properties were assessed in 1956 by the county Division of Assessments.

The owners protested, claiming that the assessments were too high and should be measured by replacement cost rather than a capitalization of rental income. On appeal to the Appeal Tax Court of Montgomery County the protests were denied. On appeal to the State Tax Commission, the decision of the Appeal Tax Court was affirmed. On appeal, April 1, 1957, to the Circuit Court for Montgomery County, the court dismissed the appeal for want of a proper record, and declined a proffer of additional testimony. From that action the appeal came here.

If any testimony was offered before the Appeal Tax Court, it was not transcribed or made a part of the record before the Tax Commission, nor was the testimony, if any, presented to the Tax Commission, transcribed, although Code (1957), Art. 81, sec. 257, provides, among other things, that "at the request of any party and at his expense all evidence, testimony of facts on which said Commission may act and on which its decision shall be based shall be reduced to writing and filed among the records of the Commission relating to said appeal." The Tax Commission's decision is also declared to be "final and conclusive in every respect unless an appeal be taken to court as hereinafter provided."

The appeal allowed by sec. 259 (a), from a decision of the Tax Commission, in the exercise of its appellate jurisdiction, is "on questions of law only." If the Circuit Court for the County, or the Baltimore City Court, finds against the Commission, it is directed to remand for further proceedings, otherwise the action of the Commission shall be affirmed. There is no statement here of any power in the court to take additional testimony or otherwise supplement the record sent up by the Tax Commission. By way of contrast, sec. 259

(b) provides that on appeal to the equity court from the Tax Commission, in the exercise of its original jurisdiction, "Either side may introduce additional testimony or other evidence in the circuit court."

The appellants appear to concede that the eleven legal questions they sought to raise in the trial court could not properly be decided *in vacuo*. Abstract attacks on the various legal formulae customarily utilized in valuing and assessing business properties are meaningless in the absence of facts and figures to test the results. We find no error in the ruling of the trial court. Here the case could not be decided on a point of law or jurisdiction, as in *LaBelle v. State Tax Comm.*, 217 Md. 443, 453.

The appellants strongly rely upon *Tax Comm. v. Brandt Cabinet Works*, 202 Md. 533, 543, for a statement that "The function of the court on appeal is to consider the record sent in from the Commission and *such other testimony as may be produced* and from that testimony and the record before it to determine whether there was error. *Seaboard Commercial Corporation v. State Tax Commission*, 181 Md. 234, 242, 29 A. 2d 294." (Italics supplied.) The *Brandt* case involved an appeal from the Commission in the exercise of its appellate jurisdiction, but the *Seaboard* case cited and relied on was from the Commission in the exercise of its original jurisdiction. The statement quoted from the *Brandt* case, if intended to apply the same rule to appeals under sec. 259 (a), is in error, and we declined to follow it. Obviously, the trial court under sec. 259 (a) is limited to questions of law, and cannot by-pass the Commission whose findings of fact are final and conclusive. Cf. *Morning Cheer v. Co. Comm'rs*, 194 Md. 441, 443.

The appellants argue that their request for the introduction of additional testimony, which the trial court denied, was not intended to upset any findings of fact made by the Commission, but solely to make such factual determination "available to the court." But a record on appeal cannot be reconstructed in that way. The appellants' failure to have the record taken

and transcribed is fatal to their case. Cf. *Newark Trust Co. v. Trimble,* 215 Md. 502, 506, and cases cited; *Jacobs Instr. Co. v. Comptroller,* 216 Md. 290.