## BORNSTEIN ᴇᴛ ᴀʟ. *v.* STATE TAX COMMISSION OF MARYLAND

[No. 127, September Term, 1961.]

*Decided January 11, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Harvey Rosenberg,* with whom were *Calvin R. Sanders* and *Claude B. Kahn* on the brief, for the appellants.

*Lawrence F. Rodowsky, Assistant Attorney General,* with whom was *Thomas B. Finan, Attorney General,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order of the Circuit Court for Montgomery County affirming an order of the State Tax Commission[1] dated June 5, 1959, which modified an assessment, made

---

1. By Chapter 757, Acts of 1959, the appellate functions of the State Tax Commission were transferred to the Maryland Tax Court.

by the Appeal Tax Court, of three apartment properties of the appellants for the tax year 1957. A previous appeal to this Court, involving assessments for the year 1956, was dismissed for want of a transcript of the record of proceedings before the Commission. *Bornstein v. State Tax Comm.,* 220 Md. 101.

The appellee incorporated in its brief on the merits a motion to dismiss the appeal on the ground that the appellants failed to print, in their record extract, portions of the record before the State Tax Commission which are necessary for the proper review and determination of the issues raised on appeal. The appellee printed in its record extract the portions omitted by the appellants and concedes that, with the material supplied, it is not prejudiced in the presentation of its case. It urges, however, that it should not lose the benefit of its motion, merely because it supplies material which the rules require the appellants to include.

Maryland Rule 828 b 1 provides in part that "the printed extract shall contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal * * *." Subsection e provides: "If by reason of inadvertence * * * or for any other reason, the printed extract does not contain some part of the record which the appellee deems material and which he desires this Court to read, the appellee may print such parts of the record as an appendix to his brief together with a statement of the reasons therefor. Parties and counsel are cautioned that the cost of printing such appendix may be withheld or divided under section c of Rule 882 (Awarding of Costs)." Rule 835 b (5) provides that an appeal may be dismissed on motion if "(5) the contents of the printed record extract do not comply with section b of Rule 828 * * *." Rule 828 i also provides that "for violation of section b of this Rule, this Court may require that additional portions of the record be printed or otherwise furnished, or it may dismiss the appeal, or make any other appropriate order with respect to the case. * * *".

Rule 836 c provides that if a motion to dismiss is based upon subsection (5) of Rule 835 b "* * * the motion [to dismiss] shall be filed within ten days from the date the appel-

lant's brief is filed or should have been filed pursuant to Rule 830 * * *. This section shall not apply if the motion to dismiss is included in the appellee's brief pursuant to section d of this Rule." Rule 837 authorizes, but does not require, this Court to hear argument on a motion to dismiss in advance of argument on the merits.

The rules make it clear that if an appellant fails to comply with Rule 828 b the appellee has the option of filing a motion to dismiss within ten days and requesting that the time for the filing of his brief be extended until after hearing or determination of the motion. In such a situation this Court may order the appellant to comply or submit to a dismissal. If, however, the appellee incorporates the motion to dismiss in his brief, he is not bound by the ten-day limitation. If he elects to supply in his record extract the material omitted, we would not ordinarily dismiss the appeal, but would impose the cost of printing the omitted material on the appellant, regardless of the outcome of the case. *Standard Homes v. Pasadena Co.,* 218 Md. 619, 623; *Thanos v. Mitchell,* 220 Md. 389, 393. See also *Maryland Lumber Co. v. White,* 205 Md. 180, 191. But in several recent cases we have intimated that a more drastic action might be taken, if the omissions on the part of the appellant were deliberate and intended to violate or evade the rule, even where the material is supplied. *Brown v. Fraley,* 222 Md. 480, 483; *Gray v. State,* 224 Md. 308, 310.

In the instant case the appellants' basic contention is that the State Tax Commission made an error of law in resting its assessment upon "capitalization of the annual gross income" derived from the apartment properties. Of course the appeal to the circuit court was limited to questions of law only. The appellants argue that the assessing authorities "based their determinations solely upon the gross income", and that this was arbitrary and capricious and in violation of the Fourteenth Amendment to the United States Constitution. They admit that "a capitalization of income method of assessment is [not] entirely without validity", but say that no matter what method is used the assessment should never exceed the cost of reproduction or the replacement cost. They further contend that the imposition of a tax based on gross income would be a

special tax not authorized by Maryland law, except in the case of certain utilities.

The material printed by the appellee clearly shows that the appellants failed to include in their record extract testimony explaining the gross capitalization method uniformly used by the assessing authorities for this type and class of property. The appellants also failed to include in their record extract exhibits and schedules relating to original cost, operating expenses, and other matters, which support the statements in the Tax Commission's order of June 5, 1959, that "the capitalization of gross income at 22% as relied upon * * * by the assessors appears reasonable when compared with the taxpayer's acquisition cost * * * revised * * * to a 1957 reproduction cost, with due allowance for a reasonable depreciation and further compared with the net income experience of the taxpayer". The Tax Commission made certain reductions in the assessments on improvements because of special services supplied by the owners to tenants. It pointed out that there were no sales of comparable property submitted as evidence. Apparently there had been no such sales.

We think the material omitted by the appellants but supplied by the appellee is reasonably necessary for the determination of at least some of the questions presented. In view of the contentions made by the appellant that the Commission rested its assessment on one and only one basis despite the fact that the portion of the record furnished by the appellee shows that the Commission also gave consideration to other measures of value and checked its results against those other methods, we think that the case is one in which dismissal of the appeal would be warranted. The matter is one within the discretion of the Court. In this instance we think that the case may better serve as a warning than as an example, and have therefore decided not to dismiss the appeal. We are aware of the fact that in many instances there is room for a perfectly justifiable difference of opinion as to what is necessary for the determination of a case, and we are not unmindful of the benefits of short records and of the elimination of non-essentials. On the contrary, we think that efforts to obtain these benefits should be encouraged. Yet we think we should make

it clear that we propose to deal summarily hereafter with cases where the record extract is so inadequate or so slanted in favor of the appellants' contentions as to be seriously misleading.

The record, as amplified, makes it clear that the Tax Commission did not rely solely upon the capitalization of gross income, but also considered net income, and both original and reproduction cost. Capitalization of gross income has long been recognized as a relevant factor to be considered by the assessing authorities, particularly in assessing business properties such as apartment houses. In *Meade Heights v. Tax Comm. of Md.,* 202 Md. 20, 32, we expressly held that the Commission did not err in accepting "a figure based on capitalization of gross income, according to the usual formula which takes into account all deductible items including depreciation, but not including mortgage principal and interest." See also the cases collected in 95 A.L.R. 442.

The purpose is, of course, to ascertain the full cash value under Code (1961 Supp.) Art. 81, sec. 14. Ordinarily the cash value would be the current market value, or what a willing purchaser would pay to a willing seller in the open market. *Rogan v. Com'rs of Calvert County,* 194 Md. 299, 311. Mr. Allen, Supervisor of Assessments for Montgomery County, testified that, based upon his long experience, he had found that a prospective buyer invariably considered income. "He always had to be shown the income, with his own determination of net, before he purchased. I have never heard of [an apartment house] being built without determining what income he would get, and that determines the value of the property as a whole." It is firmly established in this State that the relative weight to be accorded to any relevant factor in a particular case is for the assessing authorities and not for the courts. *Seaboard Commercial Corp. v. Tax Comm.,* 181 Md. 234, 243-244; *State Tax Comm. v. C. & P. Tel. Co.,* 193 Md. 222, 231-233; *Tax Comm. v. Brandt Cabinet Works,* 202 Md. 533, 543.

We think the contention that reproduction cost is an overall ceiling cannot be supported. The cases seem to recognize

that this is a proper factor to be considered, but not necessarily controlling. See note, 104 A.L.R. 790. The mere fact that other classes of property may be assessed by a different method does not present a valid constitutional objection. Cf. *National Can Corp. v. Tax Comm.,* 220 Md. 418, 429.

We find no merit in the contention that use of a capitalization factor converts an *ad valorem* property tax into one upon income. No authority is cited for the proposition, and we have found none. The general distinction between property and excise taxes (including income taxes) was stated in *Herman v. M. & C. C. of Baltimore,* 189 Md. 191, 196, *et seq.*

*Order affirmed, with costs.*