# FIELDS ET AL. *v.* SUPERVISOR OF ASSESSMENTS FOR MONTGOMERY COUNTY

[No. 365, September Term, 1968.]

*Decided July 11, 1969.*

2

The cause was argued before HAMMOND, C. J., and MARBURY, McWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Werner Strupp* for appellant.

*Joseph R. Raymond, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellee.

PER CURIAM.

The property owner takes this appeal from an order of the Circuit Court for Montgomery County (Code (1965 Repl. Vol.) Article 81, § 229 (m)), which affirmed a final order of the Maryland Tax Court, which in turn had sustained a decision by the Appeal Tax Court of Montgomery County, re-assessing appellants' real property for the levy year 1966. The subject of the assessment is an improved commercial property known as Lot 20, Block 13, seventh election district of Montgomery County, designated as 4709 Montgomery Lane, Bethesda. The assessment, as finally determined by the appellee, fixed the land value at $34,240.00 and the improvements at $31,600.00, for a total of $65,840.00. The assessment for the immediately preceding period was $11,520.00 for the land and $35,200.00 for the improvements.

The appellants challenged the assessment on the grounds that: (1) the properties relied on by the assessor as of comparable value were actually assessed at a less value per square foot than the subject property and that factors bearing on income were disregarded, (2) the methods used by the assessor violated the statutory requirement that there be a "uniform plan" of assessment as provided by Code Article 81, § 244, (3) the assessor failed to properly adhere to the requirement of an allowance for inflation in making the assessment and (4) the appellants were deprived of their constitutional rights

when the Tax Court refused to permit any meaningful inquiry into the assessors actions.

Despite the formidableness of their challenges to the validity of the assessment, the record reveals that the appellants failed to establish by their evidence any basis upon which a reversal or reduction of the assessment would be warranted. They did not prove any fault in the assessment itself. The record shows that the assessor in arriving at the amount of the assessment for both land and improvements used the same approach as employed in assessing other commercial properties in the area which consisted of: (1) the reproduction cost method, (2) the capitalization of income, and (3) comparative market data, all of which methods have been recognized and approved by this Court. *Tax Comm. v. Brandt Cabinet Works*, 202 Md. 533, 97 A. 2d 290 (1953); *Bornstein v. State Tax Comm.*, 227 Md. 331, 176 A. 2d 859 (1962), 96 A.L.R.2d 661.

The appellants presented only one witness, as to the value of the property and that was a certified public accountant who testified that the fair market value of the land was $30,000.00 and that of the improvements, $40,-000.00. He stated that he used a "cash flow" method in arriving at his valuations, multiplying ten times the cash flow to establish value.

Judge Pugh in his opinion in the lower court affirming the order of the Tax Court in upholding the validity of the assessment stated:

> "There does not appear from the record of the hearing that the decision arrived at by said Court was not supported by substantial evidence, but to the contrary such record shows that the re-assessment is based upon substantial evidence and that the method of arriving at the assessed value is the same method used in the assessment of other properties in the area and therefore such method was uniform and in accordance with law. * * * The Court fails to find

any limitation placed on the appellant's right to cross-examine hostile and adverse witnesses as also set forth as one of the other grounds for reversal in this case. The record amply shows that the appellant was given an extensive right to examine and cross-examine the Supervisor of Assessments and the Assessor who actually made the assessment in this case."

In *Bornstein, supra,* we said:

"* * * It is firmly established in this State that the relative weight to be accorded to any relevant factor in a particular case is for the assessing authorities and not for the courts. *Seaboard Commercial Corp. v. Tax Comm.,* 181 Md. 234, 243-244; *State Tax Comm. v. C. & P. Tel. Co.,* 193 Md. 222, 231-233; *Tax Comm. v. Brandt Cabinet Works,* 202 Md. 533, 543." *Id.* at 337.

We think the language used by this Court in *State Tax Comm. v. C. & P. Tel. Co.,* 193 Md. 222, 66 A. 2d 477 (1949), wherein it adopted the language of *Seaboard Commercial Corp. v. Tax Comm.,* 181 Md. 234, 344, 29 A. 2d 294 (1942), is also apposite to the present case:

"It appears in the case before us that the Commission did take into consideration all the factors required by it, did exercise its judgment in reaching the conclusion it did, and that while the appellant might prefer a different conclusion, the action of the Commission was not unlawful, unreasonable, or against the substantial weight of the evidence." 193 Md. 222 at 233.

Code (1968 Cum. Supp.), Art. 81, § 229 (1) (Chapter 261 of the Laws of 1966), provides for appeal from the Maryland Tax Court to the Circuit Court of the County wherein the property assessed is situated and then directs that:

"The circuit court * * * shall determine the

case upon the record of the Maryland Tax Court and may affirm, reverse, remand or modify the order appealed from; provided, that, unless such order is erroneous as a matter of law or unsupported by substantial evidence appearing in the record, it shall be affirmed."

See *Radin v. Supervisor of Assess.*, 254 Md. 294, 255 A. 2d 413 (1969).

A reading of the record in the instant case persuades us that the conclusion reached by the Maryland Tax Court and Judge Pugh was correct.

*Order affirmed, appellants to pay costs.*