485 A.2d 270

**Edward A. DENT**

v.

**Luiz R.S. SIMMONS.**

**No. 375, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Jan. 3, 1985.

Edward A. Dent, Washington, D.C. (Robert D. Grossman, Jr. and Grossman & Flask, P.C., Washington, D.C., on brief), for appellant.

Luiz R.S. Simmons, Silver Spring, for appellee.

Argued before GARRITY, ADKINS and ALPERT, JJ.

ALPERT, Judge.

Today we reaffirm the principle that "[f]ree access to the courts is an important and valuable aspect of an effective system of jurisprudence, and a party possessing a *colorable* claim must be allowed to assert it without fear of suffering a penalty more severe than that typically imposed on defeated parties." *Young v. Redman*, 55 Cal.App.3d 827, 838, 128 Cal.Rptr. 86 (1976) (emphasis added). This is an appeal by Edward A. Dent, appellant, from an award of attorney's fees against him in favor of Luiz R.S. Simmons, Esquire, the appellee. The judgment of the Circuit Court for Montgomery County was based on the opinion that a prior suit by Dent against Simmons was "brought without any legal or factual justification."

## FACTS AND PROCEEDINGS

The facts of this case are somewhat complicated, and we will briefly summarize those which are applicable to the instant appeal. Appellant, Edward A. Dent, filed a tort action against appellee in the Circuit Court for Montgomery County. Factually, the cause of action arose from appellee's representation of appellant's ex-wife in two post-divorce property disputes. These cases were heard in Mont-

gomery County and the District of Columbia. Although appellant prevailed in both proceedings, he alleged that the cases were at issue longer than necessary because of intentional misrepresentations made by appellee before the two tribunals. Appellant contends he was injured as a result of the protracted litigation.

Appellee filed a demurrer to the Declaration. The trial judge sustained the demurrer with leave to amend. He found that, as drafted, the declaration could stand only if the appellate courts chose to recognize a new cause of action. The declaration was not amended within the prescribed period; therefore, Judge Miller entered judgment absolute in favor of appellee on October 20, 1983. Appellant noted a timely appeal on the demurrer issue to this Court on November 14, 1983. We issued a per curiam opinion on August 3, 1984, holding that the October judgment was in effect a judgment *non pros* because of appellant's failure to amend. Hence, this Court never reached the merits of appellant's appeal, *i.e.*, whether the declaration indeed stated a cause of action in tort.

On February 27, 1983, prior to either the appellate argument or decision on the demurrer issue, Judge Miller conducted a hearing on appellee's motion for attorney's fees. Various witnesses testified and exhibits were considered to determine whether appellant filed his declaration in bad faith or without substantial justification. Maryland Rule 604(b).[1] In granting part of the requested fees,[2] Judge Miller stated:

> The question now before the Court is whether or not I should award attorney's fees pursuant to Maryland Rule 604(b) which is bad faith or is for any proceeding brought in bad faith with or without substantial justification.

---

1. This rule was in effect at the time attorneys fees were awarded, but as of July 1, 1984, has been supplanted by new Maryland Rule 1–341.

2. Judge Miller refused to award fees attributed to appellee's own time or his mileage.

With respect to the question of bad faith, I don't think it is unusual for a husband to feel a certain amount of indignation toward his wife's attorney.

Whether or not this suit directly arose out of that or by way of a bad faith or not may not be necessary in deciding this particular issue.

. . . .

In determining whether this suit is without justification, I looked at the facts, I looked at the law. I did that in connection with ruling on the demurrer.

I take into consideration a couple of other things: that following the termination of these two actions, both in [Washington, D.C.] and in Montgomery County, both of which were terminated in Mr. Dent's favor, a grievance procedure was instituted by Mr. Dent.

There was also a refusal by Judge Frosh to make an award of counsel fees in connection with the Montgomery County case, at least there was a non-award of attorneys' fees.

. . . .

Having reviewed the Declaration, as I indicated earlier, there would appear to be in the Court's mind and based upon what I saw before it, there would appear to be no legal justification for the action to be brought.

I understand that is on appeal, and there is no factual basis alleged. There is a cause of action for abuse of process.

This action, from what I know about abuse of process, doesn't fit in that category. The only category might be if the Court of Appeals decides that it is going to invent a new cause of action.

. . . .

Given all the circumstances, the Court is of the opinion, having seen that Declaration, is of the opinion that based upon everything I have been able to glean about this

action, it is brought without any legal or factual justification.

Dent appealed and asserts that:

1. The trial court erred in finding that the appellant's lawsuit was brought without substantial justification; and

2. The trial court lacked jurisdiction to award attorney's fees in this case.

### 1. *"Without Substantial Justification"*

At the February 1984 hearing, the trial judge noted that the facts alleged by appellant did not fit within any specific tort recognized by the Court of Appeals and hence found there was no "legal justification" for filing suit. The judge made no specific finding as to the existence of "bad faith"; but instead, relied upon the absence of legal precedent in determining that the suit was filed "without substantial justification." Former Maryland Rule 604(b) and current Maryland Rule 1–341. The subject rule provides an exception to the general rule that attorney's fees are not recoverable by one party from an opposing party. *See Empire Realty Co., Inc. v. Fleisher*, 269 Md. 278, 285–90, 305 A.2d 144 (1973); *Colonial Carpets, Inc. v. Carpet Fair, Inc.*, 36 Md.App. 583, 590, 374 A.2d 2119 (1977). Pursuant to the rule, attorney's fees may be recovered if the court finds "that the 'proceeding' was brought, maintained, or discontinued (1) in bad faith, *or* (2) without any substantial justification, *or* (3) for purposes of delay." *Colonial Carpets*, 36 Md.App. at 591, 374 A.2d 419 (emphasis and quotations in original). The question of awarding attorney's fees lies within the sound discretion of the trial judge and will not be overturned unless clearly erroneous. *Foster v. Foster*, 33 Md.App. 73, 81, 364 A.2d 65, *cert. denied*, 278 Md. 722 (1976). The trial judge essentially found that the subject lawsuit was brought "without substantial justification" because appellant attempted to introduce a new cause of action in tort—one which could only be categorized "if the Court of Appeals decides that it is going to invent a new

cause of action." We believe this determination constitutes an abuse of discretion. A litigant ought not be penalized for innovation or exploration beyond existing legal horizons unless such exploration is frivolous.[3]

> [A]ny less stringent predicate for the recovery of attorneys' fees would have a chilling effect on parties who, for example, may unsuccessfully attempt to raise questions of first impression and may deter the future growth of the law by exacting a price for today's unavailing efforts seeking its change.

*T.I.E. Communications, Inc. v. Toyota Motors,* 391 So.2d 697, 698 (Fla.Dist.Ct.App.1980). Were this not so, society today might not have the ameliorations produced by those who pioneered, for example, in the areas of products liability and environmental law. Furthermore, there is no indication that the State of Maryland has specifically rejected this intentional tort.[4] As it is neither necessary nor appropriate for us to decide the legal sufficiency of Dent's suit against Simmons, we decline to do so.[5] We do, however, note that

---

**3.** Surprisingly, we have uncovered no Maryland cases specifically defining a "frivolous" action, motion or appeal. While determining that a father's appeal in a custody case was not frivolous, the Supreme Court of California stated:

> Thus, an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.

*In Re Marriage of Flaherty,* 31 Cal.3d 637, 183 Cal.Rptr. 508, 646 P.2d 179, 187 (1982) (citation omitted).

**4.** Dent contends his cause of action against Simmons is viable under § 870, *Restatement of the Law of Torts,* which provides:

> One who intentionally causes injury to another is subject to liability to the other for that injury, if his conduct is generally culpable and not justifiable under the circumstances. This liability may be imposed although the actor's conduct does not come within a traditional category of tort liability.

**5.** Only for the purpose of observing that appellant's cause of action was not without precedent in other jurisdictions, we observe that similar causes of action have been recognized regarding misrepresentations to courts. *See, e.g., First v. Gallant,* 240 F.Supp. 827 (W.D.S.C.

Dent presented evidence below which indicated that he sought the advice of counsel before filing suit and that counsel did not suggest that such action was frivolous. The trial judge did not expressly or implicitly indicate disbelief in that evidence for if he had, he probably would have found that the case was filed in "bad faith." Instead, he found that there appeared "to be no legal justification for the action to be brought." Moreover, merely because those facts alleged by Dent may (or may not) have been addressed before another tribunal,[6] does not mean that this proceeding was instituted "without substantial justification." In light of the important public policy issue of encouraging innovation and advances in the law, we shall reverse the award of attorney's fees.

## 2. *Jurisdiction To Award Attorney's Fees*

Appellant contends that the Circuit Court for Montgomery County lacked jurisdiction to award the attorney's fees because the award of attorney's fees was made more than three months after the appeal (on the demurrer). We disagree.

■■■ Although generally the trial court's jurisdiction may be ousted once an appeal has been perfected, *Eisenbeiss v. Jarrell*, 52 Md.App. 677, 685, 451 A.2d 940 (1982), *cert. den.*, 295 Md. 301, *cert. den.*, —— U.S. ——, 104 S.Ct. 83, 78 L.Ed.2d 93 (1983); this rule "does not preclude the trial court from proceeding as to collateral or independent matters." 4 Am.Jur.2d, *Appeal and Error*, § 355 (1962).

---

1965) (permitting suit in fraud against persons offering perjured testimony for personal financial gain); *Robinson v. Mo. Pacific Transp. Co.*, 85 F.Supp. 235 (W.D.Ark.1949) (permitting suit against company officials who conspired to give perjured testimony at an employment discharge hearing). *See also* N.Y.Jud.Law § 487 (Consol. 1983) (attorney guilty of a misdemeanor if he deceives, colludes to deceive or consents to any deceit or collusion upon the court).

**6.** Judge Miller made reference to a failed attorney grievance procedure filed by Dent against Simmons and attempt by Dent to collect fees in an earlier Montgomery County case between Dent and his former wife (*Dent v. Dent*, Equity No. 74355; Frosh, J., presiding).

Only those post-appeal orders which affect the " 'meat,' or subject matter, of the appeal" have been prohibited. *Lang v. Catterton,* 267 Md. 268, 285, 297 A.2d 735 (1972) (citation omitted). *See also Taylor v. Benjamin,* 55 Md.App. 597, 602, 465 A.2d 1171 (1983). Clearly, the award of counsel fees to Simmons did not affect the subject matter of the appeal (on the demurrer); although, conversely, the subject matter of this appeal could have been altered by the outcome of the first appeal.

■ Although the request for attorney's fees raised legal issues collateral to the main cause of action, *see Maryland National Capital Park & Planning Commission v. Crawford,* 59 Md.App. 276, 303, 475 A.2d 494 (1984), *cert. granted,* 301 Md. 249, 482 A.2d 904 (1984), the better practice in most cases would be to determine those issues before judgment becomes final on the case in chief, in order to avoid successive appeals. We recognize, of course, that in certain cases the issues relating to attorney's fees may be more time consuming and more complex than the case that gives them birth. Indeed, the decision of the appellate court on the matters in chief may even vitiate the basis for an award of counsel fee. Under those and possibly other circumstances, it may be wiser for the trial judge to defer determining the issue of attorney's fees until after completion of the appellate process. This we leave to the sound discretion of our trial judges.

### Appellee's Motion To Dismiss Appeal

■ Appellee moved for dismissal of this appeal and assigned seven different reasons. First, he argues that "the appellant has fabricated the record on appeal with intent to violate or evade Maryland Rules of Procedure 1028(b)1." Although appellant added two exhibits which were refused admission by the trial court, we do not perceive this as a deliberate attempt to violate the Maryland Rules. In reality, those exhibits at best would be cumulative of other evidence and were not considered in our decision. Although we do not condone appellant's igno-

rance of the rules, we give him the benefit of the doubt in holding that the additions were not intentional violations.

■ Second, appellee contends "the appellant made complete omissions of material from the record extract." There seems to be little dispute over what was alleged in Dent's declaration and it is the existence *vel non* of a plausible cause of action which bottoms our decision. Although a more extensive record extract may have been helpful, we see no fatal omissions. *See Bornstein v. State Tax Commission,* 227 Md. 331, 336, 176 A.2d 859 (1962).

■ Additionally, appellee asserts that appellant unnecessarily and improperly printed seventy pages of depositions, failed to serve a copy of a transcript on appellee, failed to communicate with appellee for the purpose of advising agreement on the parts of the record to be included in the printed record extract, and failed to deliver to appellee a written statement of the parts of the record he intended to include in his record extract. Although these infractions may be unintentional, they are likewise unjustified. *See Nisos v. Nisos,* 60 Md.App. 368, 483 A.2d 97 (1984). As in *Bornstein,* "we think that the case may better serve as an example, and have therefore decided not to dismiss the appeal." 227 Md. at 336, 176 A.2d 859. Although we deem dismissal too harsh a sanction, the assessment of costs against appellant is appropriate.

Finally, appellee argues that the record extract contains a pleading which is scandalous, impertinent, unnecessary and improper.

■ The "pleading" is a letter filed *pro se* by appellant. It should not have been filed, but again, the harsh sanction of dismissal of this appeal is unwarranted.

JUDGMENT REVERSED; APPELLANT TO PAY THE COSTS.