Edward F. **KRULL,** Plaintiff-Appellee,

v.

The **CELOTEX CORPORATION,** Defendant-Appellant.

No. 86–2919.

United States Court of Appeals, Seventh Circuit.

Argued June 1, 1987.

Decided Aug. 13, 1987.

As Modified on Denial of Rehearing Oct. 26, 1987.

---

Michael P. Connelly, Chadwell & Kayser, Ltd., Chicago, Ill., for defendant-appellant.

Terrence M. Johnson, Terrence M. Johnson Law Office, Chicago, Ill., for plaintiff-appellee.

Before CUMMINGS and CUDAHY, Circuit Judges, and GRANT, Senior District Judge.[*]

CUDAHY, Circuit Judge.

■ In this case we must consider under what circumstances a court may issue a written opinion elaborating on a prior order after a case has been dismissed and a final judgment entered. We conclude that where a court merely memorializes a previously rendered order within a reasonable time and without significantly altering the substance of that order, the subsequent written opinion may be considered as *nunc pro tunc* and thus within the court's power.

## I.

Plaintiff-appellee Edward F. Krull[1] in 1983 sought compensatory and punitive damages from defendant-appellant, The Celotex Corporation ("Celotex"), and several other defendants for injuries he allegedly suffered as a result of exposure to asbestos manufactured by the defendants. Discovery was conducted and trial set under an expedited schedule because of Krull's illness. Shortly before the scheduled trial date, Celotex filed a motion for summary judgment seeking to establish that it would not be liable for punitive damages because it did not manufacture the suspected asbestos but rather subsequently merged with a company that did.

The district court convened a conference several days before trial in order to dispose of certain summary judgment motions. All parties were present and the court ruled from the bench on Celotex's motion: "I am denying your motion for summary judgment on Count 4 [punitive damages], and you will be getting an opinion dealing with it." Tr. at 5 (N.D.Ill. No. 83–9635, Apr. 30, 1985). The court also outlined the analysis supporting its conclusion. Trial commenced thereafter, but, immediately after the jury was selected, the parties reached a settlement. On May 16, 1985, the district court entered orders dismissing Krull's action with prejudice pursuant to the settlement agreement. Two weeks later, on May 31, 1985, the district court entered an order and memorandum opinion denying Celotex's summary judgment motion relating to punitive damages. *See Krull v. Celotex Corp.*, 611 F.Supp. 146 (N.D.Ill. 1985). This order and memorandum opinion were docketed and sent to the respective counsel on June 10, 1985.

On June 2, 1986, Celotex filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the district court's May 31 order. On October 23, 1986, the district court entered an order denying Celotex's Rule 60(b) motion. Celotex appeals.

## II.

Celotex appeals from the denial of its Rule 60(b) motion, urging that the district court was without authority to enter its May 31 order and that the order cannot be considered as *nunc pro tunc* relating back

---

[*] The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. Krull died of lung cancer in 1985, before trial began. The parties apparently agreed that Krull's three children would be substituted as plaintiffs although, unfortunately, this substitution is not reflected in the record on appeal.

to April 30. We disagree and conclude that in these circumstances the order properly is considered as *nunc pro tunc* relating back to April 30 and thus is valid.

■ Celotex is correct in stating that a dismissal of the case with prejudice, entered in accordance with Federal Rule of Civil Procedure 58, is a final and appealable judgment that divests the district court of jurisdiction. Of course, jurisdiction may continue as to certain collateral matters such as attorney's fees. *See Barrington Press, Inc. v. Morey*, 816 F.2d 341, 342 (7th Cir.1987). On May 22, 1985, when the district court entered the order dismissing the case, final judgment was entered. The court could not thereafter issue orders on substantive motions that were pending or alter or amend decisions previously rendered in the case. In much the same vein, this court could not normally issue an opinion deciding the merits of an appeal after we had previously dismissed the case as moot because of settlement.

But the case before us simply involves the entry of an opinion *nunc pro tunc.* Courts may enter orders "now as then" in several circumstances; the Supreme Court long ago described the doctrine of *nunc pro tunc:*

> [W]here the delay in rendering a judgment or decree arises from the act of the court, that is, where the delay has been caused either for its convenience, or by the multiplicity or press of business, either the intricacy of the questions involved, or of any other cause not attributable to the laches of the parties, the judgment or the decree may be entered retrospectively, as of a time when it should or might have been entered up.

*Mitchell v. Overman*, 103 U.S. (13 Otto) 62, 64–65, 26 L.Ed. 369 (1881) (Harlan, J.); *see generally* 6A Moore's *Federal Practice* ¶ 58.08. The circumstances of the case before us call for the application of this doctrine.

■ On April 30, 1985, in open court and on the record, the district court rendered its decision denying Celotex's summary judgment motion. The court gave the rationale for its decision in substantial detail and indicated that a written opinion would follow. During the reasonable delay between the oral ruling and the preparation of a memorandum opinion—a period of one month—the parties settled the case. The court's memorandum opinion, 611 F.Supp. 146, is strikingly parallel to the April 30 ruling from the bench. The court followed the same analysis, in more scholarly detail, and reached the same conclusion. We believe this subsequent memorialization of an oral decision may be appropriately considered here as *nunc pro tunc.*[2] *See generally Matthies v. Railroad Retirement Bd.*, 341 F.2d 243, 248 (8th Cir.1965) (*nunc pro tunc* ordinarily available to let record reflect the truth about action previously taken, but unavailable to wipe out a judgment previously entered affecting party's rights).

At oral argument Celotex pointed to cases where appellate courts have refused to permit a district court to attempt to confer appellate jurisdiction with a purportedly *nunc pro tunc* order, for example, by certifying an interlocutory order as appealable only after an appeal had been pursued and challenged on jurisdictional grounds. *See, e.g., United States v. Bastanipour*, 697 F.2d 170, 173 n. 1 (7th Cir.1982), *cert. denied*, 460 U.S. 1091, 103 S.Ct. 1790, 76 L.Ed.2d 358 (1983). Not only is this strict rule far from universally accepted, however, *see, e.g., Lemke v. United States*, 346 U.S. 325, 74 S.Ct. 1, 98 L.Ed. 3 (1953); *Leonhard v. United States*, 633 F.2d 599 (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981), but such a rule is inapplicable in the situation presented here. We are not presented with a district court's attempt to salvage its jurisdiction after the docketing of an appeal. Rather, we have merely the issuance

---

**2.** The district court did not label its May 31 opinion as *"nunc pro tunc"* but certainly considered its authority to derive from the April 30 oral ruling. *See* 611 F.Supp. at 147 n. 2. We conclude that this is sufficient. The district court also failed, apparently, to enter a "minute order" on the docket sheet reflecting the April 30 decision. This omission does not affect the validity of the oral ruling contained in the transcript.

of a formal written version of a decision already made from the bench.

To the extent that Celotex argues that the district court's actions deprived it of a fair opportunity to appeal the decision on punitive damages, two responses are appropriate. First, Celotex could have sought permission to appeal the decision as of April 30, when its motion was denied. It is true that an interlocutory appeal in the circumstances might not have been advisable; but, in any event, Celotex chose not to seek such review. Second, any contention that the May 31 opinion should not be given precedential effect is inappropriate here. Publication of the opinion in West's *Federal Supplement* may make the decision easier for others to find and use, but publication does not affect as a matter of law the precedential weight of the decision in other proceedings involving Celotex. Celotex and its opponents are free to argue in other proceedings that the decision on summary judgment deserves slight or substantial deference as circumstances may dictate. Were we to conclude that the district court was without authority to publish this opinion, we would be imposing an obligation on courts to immediately cast their decisions in final form or risk loss of any opportunity to do so. We see no good reason for such a demanding rule. *Cf. Lowenschuss v. West Publishing Co.*, 542 F.2d 180, 183 (3d Cir.1976) ("a court ordinarily is given broad discretion in the writing and publication of its opinions").[3]

We emphasize that the district court's May 31 order was appropriate in light of the following circumstances: (1) the court had previously ruled on the motion on the record in the presence of all the parties; (2) the written opinion was issued in a reasonable time after the oral ruling; (3) most importantly, the written opinion essentially repeated the prior ruling, without substantive changes. In addition and perhaps less importantly, at the original ruling the district court indicated that a written opinion would follow. In these circumstances, we

conclude that the written opinion may be considered as *nunc pro tunc*. We therefore affirm the district court's denial of the Rule 60(b) motion.

. AFFIRMED.

---

**3.** In some cases, were the rule not as we hold it to be, there might be an undesirable incentive to a party who lost on an oral ruling to settle and moot the case before published precedent could be created.