**PABST BREWING COMPANY, INC., Plaintiff,**

v.

**Jack S. CORRAO and James P. Murdock, individually and as representatives of sub-classes of persons similarly situated, Defendants.**

No. 96–C–903.

United States District Court, E.D. Wisconsin.

March 26, 1998.

Thomas M. Knepper, Jill J. Gladney, Knepper & Gladney, Chicago, IL, for Plaintiff.

William A. Wertheimer, Jr., Wertheimer Law Offices, Southfield, MI, for Defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Presently before the court is a motion by the plaintiff, Pabst Brewing Company, Inc. ["Pabst"], to enforce surety's liability pursuant to Rule 65.1, Federal Rules of Civil Procedure.

A class action complaint for a declaratory judgment was filed on August 12, 1996, by Pabst. The complaint was amended on August 14, 1996. Pabst's declaratory judgment action arises out of its July 31, 1996, decision unilaterally to amend its welfare plan and its life plan. There were two amendments to such plans: (1) the termination, effective September 1, 1996, of the eligibility of the union retirees, the salaried retirees and their dependents for coverage under the welfare plan; and (2) the elimination, effective August 1, 1996, of payments of death benefits after age 66 for the union retirees who had retired from Pabst's Milwaukee division prior to August 1, 1996. In its amended complaint, Pabst sought a declaratory judgment that its "termination of eligibility and elimination of benefits to the Class Retirees under the Plans is not violative of [the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ('ERISA')] and is otherwise lawful in all respects . . . ."

On August 27, 1996, defendant Jack Corrao, a representative of a sub-class of union retirees, filed an answer to Pabst's complaint and a counterclaim against Pabst in which he alleged that the collective bargaining agreements between the union and Pabst conferred upon the retirees of Pabst's Milwaukee division lifetime rights to health insurance benefits and life insurance benefits. Mr. Corrao maintained that these benefits survived the expiration on May 31, 1996, of the most recent collective bargaining agreement between the union and Pabst. Mr. Corrao based his counterclaim on § 301 of the Labor Management Relations Act (Taft–Hartley Act), 29 U.S.C. § 185, which creates a private right of action to enforce collective bargaining agreements, and § 502 of ERISA.

Along with his answer, Mr. Corrao filed a motion for a "Temporary Restraining Order and/or Preliminary Injunction" to restrain Pabst from "unilaterally eliminating health benefits" of the union retirees. This motion asked the court to bar the termination of the union retirees' health benefits which was to take effect on Sunday, September 1, 1996. In order to consider the motion before the termination date, a hearing was conducted by this court on Thursday, August 29, 1996.

On August 29, 1996, the court granted Mr. Corrao's motion for a temporary restraining order. The order restrained "Pabst, its agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this order . . . from discontinuing health insurance benefits to the sub-class" until September 27, 1996. In addition, pursuant to Rule 65(c), Federal Rules of Civil Procedure, I ordered Mr. Corrao to post a security bond of $50,000 prior to the close of business on September 3, 1996. On September 3, 1996, Mr. Corrao posted a $50,000 surety bond with the clerk of court which was issued by Fidelity & Deposit Company of Maryland ["Fidelity"].

By decision and order of September 27, 1996, I denied Mr. Corrao's motion for a preliminary injunction and vacated the temporary restraining order. On December 1, 1997, Pabst's declaratory judgment action and Mr. Corrao's counterclaims were dismissed, with prejudice. A judgment to that effect was also entered on December 1, 1997.

Mr. Corrao has filed an appeal with the court of appeals for the seventh circuit seeking reversal of the December 1, 1997, judgment dismissing his counterclaim, and that appeal is presently pending. I believe that this court has jurisdiction to resolve the plaintiff's motion to enforce surety liability. *See Apostol v. Gallion,* 870 F.2d 1335, 1337–1338 (7th Cir.1989) (district court may consider collateral matters such as costs and attorney's fees while court of appeals considers merits of an appeal); *Krull v. Celotex Corporation,* 827 F.2d 80, 82 (7th Cir.1987) (after notice of appeal is filed, district court's jurisdiction continues as to certain collateral matters such as attorney's fees). Nevertheless, the court of appeals presently has jurisdiction to review my decision and order of September 27, 1996, denying Mr. Corrao's motion for a preliminary injunction and va-

**1244**

cating the temporary restraining order, and it may ultimately reverse that decision and order.

If the appellate court were to sustain Mr. Corrao's position on appeal, there would be a different ball game with reference to the posted surety. Thus, in view of the possibility of reversal of the September 27, 1997, decision and order, I find that it would be inappropriate at this stage of the proceedings to order enforcement of the surety's liability under Rule 65.1, Federal Rules of Civil Procedure.

Accordingly, I will order that the motion to enforce surety's liability be held in abeyance pending a decision by the court of appeals in connection with Mr. Corrao's appeal.

Therefore, IT IS ORDERED that Pabst's motion to enforce surety's liability under Rule 65.1, Federal Rules of Civil Procedure, be and hereby is held in abeyance pending a decision by the court of appeals for the seventh circuit in connection with Mr. Corrao's pending appeal.