656 A.2d 365

Ernest J. LITTY, Jr., et al.

v.

William B. BECKER, et al.

No. 1137, Sept. Term, 1994.

Court of Special Appeals of Maryland.

April 4, 1995.

Charles S. Fax (Dana M.S. Wilson and Shapiro and Olander, P.A. on the brief for appellant, Talbot County) Baltimore (Rignal W. Baldwin, Jr., Brassel & Baldwin, P.A., Annapolis, MD, David R. Thompson and Cowdrey, Thompson & Karsten, Easton, on the brief for the Littys), for appellants.

James P. Nolan (Susan T. Ford, Council, Baradel, Kosmerl & Nolan, P.A., Annapolis, and Michael J. Jacobs, Easton, on the brief), for appellees.

Argued Before MOYLAN, WENNER and DAVIS, JJ.

WENNER, Judge.

Appellants, Ernest and Suzanne Litty [1] and Talbot County, have appealed from the Circuit Court for Talbot County's

---

[1]. We note that the Littys are presently in the process of obtaining a divorce.

denial of their motions for costs under Md.Rule 1–341.[2] We shall address only whether a trial court is precluded from considering motions for costs after the appeal has been concluded.

Finding that the circuit court either failed to exercise its discretion, or abused it, we shall reverse the judgment of the circuit court and remand the case to that court for further proceedings consistent with this opinion.

## FACTS

This brouhaha has a storied history, including two prior journeys to Annapolis. Nonetheless, we need not discuss that morass, focusing instead only on the trial court's denial of appellants' motions for costs. On 11 August 1993, we filed a per curiam opinion affirming the judgment of the circuit court in favor of the Littys. *Becker, et al. v. Litty, et al.,* 97 Md.App. 751 (1993). Subsequently, appellants moved for costs. Talbot County filed its motion on 18 February 1994, and the Littys filed their motion on 28 March 1994. The trial court denied the motions by orders dated 13 May 1994, in which it said:

1. The instant motion was filed more than thirty (30) days after issuance of the mandate dispositive of the appeal and more than thirty (30) days after the Order of the Court of Appeals denying the Petition for Writ of Certiorari.

2. This issue was not raised prior to the appeal and was therefore not reserved by this Court as an issue collateral to those on appeal.

3. In exercising its discretion, this Court now declines to hear the matters raised in the instant motion.

---

**2.** Maryland Rule 1–341 provides:

In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

In declining to consider appellants' motions for costs, the trial court "chose to be guided by sections (b)(3) and (d)(1) of the "PROPOSED" amendment to Rule 1–341, a copy of which is attached hereto.... This court still believes that exercise of discretion was proper." Interestingly, the proposed amendments were not adopted.[3]

In any event, this appeal followed.

## DISCUSSION

Maryland's appellate courts have not before considered whether costs, as sanctions under Md.Rule 1–341, may first be sought after judgment has been entered and appealed and the appeal has been concluded. According to appellants, the trial court erred in concluding that it was without jurisdiction to consider their motions for costs. As appellants see it, the trial court abused its discretion by failing to exercise discretion, asserting that it is within the discretion of the trial court to consider at any time a motion for costs under Rule 1–341.

It is beyond cavil in Maryland that attorney's fees may be sought after a final judgment has been entered, because attorney's fees are considered to be a collateral matter. *Mercedes–Benz v. Garten*, 94 Md.App. 547, 568, 618 A.2d 233 (1993). Moreover, even though noting an appeal vests an appellate court "with the exclusive power and jurisdiction over

---

**3.** Sections (b)(3) and (d)(1) of the proposed but unadopted amendment to Rule 1–341 provide:

(b) Motion for Reimbursement

 A party may file a motion for reimbursement against another party, the attorney for the alleged offending party, or both of them. The motion shall

 \* \* \* \* \* \*

 (3) be filed not later than 30 days after the last to occur in the action of (A) entry of a final judgment, (B) disposition of all motions filed pursuant to Rules 2–532, 2–533, 2–534, or 2–535, (C) entry of a decision or dismissal under Rule 2–551, and (D) issuance of the mandate dispositive of an appeal; and

 \* \* \* \* \* \*

(d) Disposition

 (1) The court may deny the motion without a hearing....

the subject matter of the proceedings, and the authority and control of the lower court with reference thereto is suspended," *Kirsner v. Edelmann,* 65 Md.App. 185, 192–193, 499 A.2d 1313 (1985) (quoting *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972)), a trial court may act "with respect to collateral or independent matters, not relating to the subject of the appeal." *Kirsner, supra.* In *Kirsner,* we were called upon to consider whether the trial court lacked jurisdiction to determine the issue of counsel fees because "the hearing before the Master occurred, and her Report and Recommendation issued...." while the appeal was pending before our court. We concluded that, as the trial court had specifically reserved the issue of counsel fees and referred it to the Master for a hearing, "its jurisdiction was unaffected by the master's hearing prior to the decision and mandate in Kirsner's appeal." *Kirsner, supra,* at 193–194, 499 A.2d 1313. Nevertheless, in *Bohle v. Thompson,* 78 Md.App. 614, 642, 554 A.2d 818 (1989), we said that "[w]here a party seeks attorney's fees based on pretrial proceedings maintained or defended by another party and determination of the attorney's fee issue may be had without inquiry into the merits of the substantive action, it would be an abuse of discretion for the lower court to wait until an appeal has been noted and decided to determine ... the ... attorney's fees issue." We nonetheless concluded in *Bohle,* because it was the responsibility of the moving party to ensure "that a pretrial attorney's fees issue is resolved prior to appeal ...," that the moving party had waived his right to attorney's fees by thirteen months inaction. *Id.* at 642, 554 A.2d 818. As we said earlier, however, Maryland's appellate courts have not addressed the effect of a moving party first seeking costs pursuant to Rule 1–341 after an appeal has been concluded. The issue with which we are here faced has been commented upon, however, by Niemeyer and Schuett, *in Maryland Rules Commentary* (2d ed. 1992):

A motion for sanctions under this rule is a proceeding ancillary to the action. For that reason, leaving aside whether the rule may form the basis for a separate action, a motion must be filed within the confines of the action. If

filed before the entry of judgment in the underlying action, it will be treated like any other motion. If after judgment, it may be treated as a matter of costs collateral to the action or as an adjunct to an enforcement proceeding. If on appeal, it should be filed with the appellate court and either decided by that court or by the trial court on remand....

If sanctions are sought after an appeal has been concluded or after the time for an appeal has expired and no appeal has been filed, *the motion must be supported by some basis that justifies the court's continuing jurisdiction over the case.*

*Id.* at 51–52[4] (emphasis added.) Niemeyer and Schuett have cited no cases in support of this proposition, nor have we found any.

As a result, we turn to the federal courts' treatment of Fed.R.Civ.P. 11 in cases similar to the one at hand. The Supreme Court of the United States said in *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990):

This Court has indicated that motions for costs or attorney's fees are "independent proceeding[s] supplemental to the original proceeding and not a request for a modification of the original decree." *Sprague v. Ticonic National Bank,* 307 U.S. 161, 170, 59 S.Ct. 777, 781, 83 L.Ed. 1184 (1939). Thus, even "years after the entry of a judgment on the merits" a federal court could consider an award of counsel fees. *White v. New Hampshire Dept. of Employment Security,* 455 U.S. 445, 451, n. 13, 102 S.Ct. 1162, n. 13, 71 L.Ed.2d 325 (1982).... Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if

---

4. Appellants have failed to address that portion of the above quoted material concerning filing a motion after an appeal has been concluded. Such a lapse misrepresents the whole of the Maryland Rules Commentary's section on Md.Rule 1–341 and adds nothing to this discussion.

so, what sanction would be appropriate. Such a determination may be made after the principle suit has been terminated.

*Cooter & Gell, supra,* 496 U.S. at 395–396, 110 S.Ct. at 2455–56.

 Despite what Niemeyer and Schuett have said, we believe that a trial court may entertain a motion for costs even though the principle suit has been concluded. We therefore conclude that a motion for costs pursuant to Md.Rule 1–341 is an "independent proceeding supplemental to the original proceeding and a trial court is not deprived of jurisdiction" whenever costs are sought. *See Id.* Although "the only time limitation arises out of those equitable considerations that a [ ] judge may weigh in his discretion," *Hicks v. Southern Maryland Health Systems Agency,* 805 F.2d 1165, 1167 (4th Cir. 1986), the judge's discretion must be exercised. In other words, the trial court must initially determine whether considering such a motion would unduly prejudice the non-moving party. If the trial court determines that the non-moving party will not be unduly prejudiced, two matters must be determined before considering an award of costs pursuant to Rule 1–341.

As the Court of Appeals said in *Inlet Associates v. Harrison Inn Inlet, Inc.,* 324 Md. 254, 267–268, 596 A.2d 1049 (1991):

First, the judge must find that the proceeding was maintained or defended in bad faith and/or without substantial justification. This finding will be affirmed unless it is clearly erroneous or involves an erroneous application of law. Second, the judge must find that the bad faith and/or lack of substantial justification merits the assessment of costs and/or attorney's fees. This finding will be affirmed unless it was an abuse of discretion.

 In the case *sub judice,* the trial court declined to consider appellants' motions because they were not filed until after the appeal had been concluded, and "more than thirty (30) days after the Order of the Court of Appeals denying the Petition for Writ of Certiorari." Essentially, the trial court

first concluded that it was unable to consider issues raised by appellants' motions for costs because they had not been raised prior to the appeal and were "therefore not specifically reserved as an issue collateral to those on appeal." Although this is consistent with the comments of Niemeyer and Schuett in the *Maryland Rules Commentary, supra,* we hold that it is precisely because a motion for costs pursuant to Rule 1–341 is an "independent proceeding supplemental to the original proceeding" that it may be filed and considered by the trial court after the appeal has been concluded. In the case *sub judice,* the trial court erred in concluding that it was precluded from considering appellant's motions because they had not previously been raised or reserved for its consideration. Thus, the trial court's failure to exercise its discretion is an abuse of discretion. *Maus v. State,* 311 Md. 85, 532 A.2d 1066 (1987).

█ In denying appellant's motions for reconsideration, the trial court said:

In issuing the Order dated May 13, 1994, this Court, while exercising its discretion under existing Rule 1–341, chose to be guided by sections (b)(3) and (d)(1) of the "PROPOSED" amendment to Rule 1–341, . . . .

We note that sections (b)(3) and (d)(1) of the proposed amendment to Rule 1–341 were not adopted. Consequently, the trial court erred in being guided by the unadopted amendment, as Rule 1–341 contains no time limit for filing a motion for costs. Moreover, it is not within the province of the trial court to be guided by rules of procedure that have not been adopted.

█ Nevertheless, it may often be prudent for a party to delay filing such a motion until the appeal has been concluded, to avoid presenting an issue that need no longer be decided. Moreover, as we pointed out in *Dent v. Simmons,* 61 Md.App. 122, 130, 485 A.2d 270 (1985), "the better practice in most cases would be to determine those issues before judgment becomes final on the case in chief, in order to avoid successive appeals."

In sum, we hold that the trial court erred in declining to consider appellant's motions for costs. Consequently, we shall

reverse the judgment of the circuit court and remand the case to that court for further proceedings consistent with this opinion.

■ Appellants further contend that we may, and should, decide whether costs pursuant to Rule 1–341 are warranted. As appellants seek costs for proceedings in the trial court, we believe "[t]he trial court is the proper tribunal to make determinations as to whether actions before it have been brought in 'bad faith' or 'without substantial justification.'" *Fowler v. Printers II,* 89 Md.App. 448, 480, 598 A.2d 794 (1991).

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR TALBOT COUNTY FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY APPELLEE.**