994 A.2d 1032

**Alfred James GROVE, et ux.**

v.

**Ronald GEORGE.**

**No. 191 Sept.Term, 2009.**

Court of Special Appeals of Maryland.

May 7, 2010.

Paul J. Kelly, Jr., Cumberland, MD, for Appellant

Thomas B. Dabney, Oakland, MD. No brief filed, for Appellee.

Panel: JAMES R. EYLER, WOODWARD, J.
FREDERICK SHARER (Retired, specially assigned), JJ.

JAMES R. EYLER, Judge.

Appellant, James Grove, appeals from an order by the Circuit Court for Garrett County awarding appellee, Ronald George, $2,040.40 in attorney's fees and costs. The genesis of the appeal is appellant's claim for breach of a residential contract of sale (the "Contract") entered into between the parties. By memorandum opinion and order, dated October 24, 2008, the circuit court granted summary judgment in favor of appellee with respect to the breach of contract claim.

Over a month after the judgment had been entered, on December 1, 2008, appellee filed a motion for attorney's fees and costs which, among other things, was based on a provision in the Contract entitling the prevailing party in any action on the Contract to recover attorney's fees. In response, appellant argued that the court lacked jurisdiction to award attorney's fees and costs after final judgment on the merits. After a hearing, the circuit court awarded attorney's fees to appellee based on the provision. This appeal followed.

Appellant presents a single contention for our review:

Did the [circuit] court err in awarding appellee's attorney's fees and costs post-judgment?

For the reasons discussed below, we shall affirm.

## Factual and Procedural Background

On December 30, 2005, appellant entered into the Contract to purchase improved real estate owned by appellee. On June 25, 2007, appellant filed a complaint in the District Court of Maryland in Garrett County. In the complaint, appellant asserted claims for negligent and intentional misrepresentation, stemming from appellee's alleged failure to disclose an infestation of flying squirrels in the attic of the building on the property and the resulting "biohazard" from the squirrels' "toilet sites and fecal matter." Pursuant to appellee's request for a jury trial, the case was transferred to circuit court.

After discovery, appellee filed a motion for summary judgment, in which he requested the circuit court to enter sum-

mary judgment in his favor and to provide "such other and further relief as the nature of his cause may in justice require." Appellee did not specifically request an award of attorney's fees and costs. By memorandum opinion and order, dated October 24, 2008, the circuit court granted appellee's motion for summary judgment, finding that appellant was unable as a matter of law to prove an essential element of his case. The court did not award attorney's fees or costs.

On December 1, 2008, appellee filed a motion for attorney's fees and costs, citing, among other things, a provision in the Contract that provides:

ATTORNEY'S FEES: In any action or proceeding between Buyer and Seller based, in whole or in part, upon the performance or non-performance of the terms and conditions of this Contract, including, but not limited to, breach of contract, negligence, misrepresentation or fraud, the prevailing party in such action or proceeding shall be entitled to receive reasonable attorney's fees from the other party as determined by the court or arbitrator.

On March 6, 2009, the circuit court entered a memorandum opinion awarding appellee attorney's fees in the amount of $2,000 and costs in the amount of $40.40, based on the quoted provision. In that opinion, the circuit court noted that appellee's "claim for reasonable attorney's fees and costs [ ] did not arise until this Court granted [appellee's] Motion for Summary Judgment." This appeal followed.

## Discussion

█ Appellant contends the circuit court lacked jurisdiction to entertain the post-judgment motion for attorney's fees. More specifically, appellant argues that when a circuit court enters judgment and has neither addressed the issue of attorney's fees nor reserved the issue for later disposition, the prescribed procedural mechanism to request attorney's fees is by filing a motion under either Maryland Rule 2–534[1] or 2–

---

1. Rule 2–534, titled "Motion to alter or amend a judgment—Court decision," provides:

535(a).[2]

A 2–534 motion to alter or amend the judgment must be filed, if at all, within ten days after the entry of judgment. A motion to revise the judgment under 2–535(a) must be filed within thirty days after the entry of judgment.

Because appellee filed his motion for attorney's fees just over one month after the circuit court had entered a final judgment in the underlying breach of contract action, and therefore, outside the timeliness standards under those rules, appellant contends the circuit court lacked jurisdiction to "review, amend, supplement, or otherwise affect the 'final' order of October 24, 2008" by awarding attorney's fees and costs to appellee. In making this argument, appellant implicitly assumes the requested attorney's fees are an integral part of the final judgment, rather than a collateral issue. We disagree.

"Generally, jurisdiction of a trial court with regard to a specific case ends upon enrollment of a final judgment, which occurs thirty days after its entry." *Mullaney v. Aude,* 126 Md.App. 639, 650, 730 A.2d 759 (1999); *see Chapman v.*

---

In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial. A motion to alter or amend a judgment filed after the announcement or signing by the trial court of a judgment but before entry of the judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.

2. Rule 2–535, titled "Revisory Power," provides, in pertinent part:
(a) **Generally.** On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534. A motion filed after the announcement or signing by the trial court of a judgment or the return of a verdict but before entry of the judgment on the docket shall be treated as filed on the same day as, but after, the entry on the docket.

*Kamara,* 356 Md. 426, 435, 739 A.2d 387 (1999) (citing Maryland Rule 2–535). This rule does not, however, preclude a trial court from entertaining a collateral or independent matter. *Mullaney,* 126 Md.App. at 650, 730 A.2d 759 (citing *Dent v. Simmons,* 61 Md.App. 122, 129, 485 A.2d 270 (1985)). "Only those ... orders which affect the ' "meat," or subject matter of [the case]' have been prohibited." *Mullaney,* 126 Md.App. at 650, 730 A.2d 759 (quoting *Dent,* 61 Md.App. at 130, 485 A.2d 270).

Because Rules 2–534 and Rule 2–535(a) and their respective timeliness standards are derived from Federal Rules of Civil Procedure 52(b) and 59(e), *Carr v. Lee,* 135 Md.App. 213, 227, 762 A.2d 142 (2000), we frequently look to the federal courts' treatment of cases under federal rules. The Supreme Court, in *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), considered whether a motion for attorney's fees, filed four and a half months after the entry of final judgment on the merits, should be categorized as a Rule 59(e) motion to alter or amend a judgment and, therefore, subject to the Rule's ten-day timeliness standard. The Court held that it should not, and consequently, the motion was not untimely. It reasoned:

Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the rule was adopted to "make[ ] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following the entry of judgment. The question of the court's authority to do so had arisen in *Boaz v. Mutual Life Ins. Co. of New York,* 146 F.2d 321, 322 (C.A.8 1944). According to their Report, the draftsmen intended Rule 59(e) specifically "to care for a situation such as that arising in Boaz."

Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits. *E.g., Browder v. Director,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). By contrast, a request

for attorney's fees under § 1988 raises legal issues collateral to the main cause of action—issues to which Rule 59(e) was never intended to apply.

Section 1988 provides for awards of attorney's fees only to a "prevailing party." Regardless of when attorney's fees are requested, the court's decision of entitlement to fees will therefore require an inquiry separate from the decision on the merits—an inquiry that cannot even commence until one party has "prevailed." Nor can attorney's fees fairly be characterized as an element of "relief" indistinguishable from other elements. Unlike other judicial relief, the attorney's fees allowed under § 1988 are not compensation for the injury giving rise to an action. Their award is uniquely separable from the cause of action to be proved at trial.

*Id.* at 450–52, 102 S.Ct. 1162 (footnotes omitted). *See also Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 170, 59 S.Ct. 777, 83 L.Ed. 1184 (1939) (observing that a petition for attorney's fees in equity is "an independent proceeding supplemental to the original proceeding and not a request for a modification of the original decree").

In *Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988), the Supreme Court later applied *White* when it considered the impact of a motion for attorney's fees on the finality of a judgment and, hence, the timeliness of an appeal. The Court held that a district court's decision on the merits of an employment compensation claim was "final" under 28 U.S.C. § 1291 notwithstanding an unresolved motion for attorney's fees filed by the prevailing party under a Colorado fee-shifting statute. *Id.* at 199, 108 S.Ct. 1717. The Court reasoned:

As a general matter, at least, we think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain. Such an award does not remedy the injury giving rise to the action, and indeed is often available to the party defending against the action. At common law, attorney's fees were regarded as an element of "costs" awarded to the prevailing party, *see* 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Proce-

dure: Civil § 2665 (1983), which are not generally treated as part of the merits judgment, cf. Fed. Rule Civ. Proc. 58 ("Entry of the judgment shall not be delayed for the taxing of costs").

*Id.* at 201, 108 S.Ct. 1717. *See also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990) (recognizing that collateral issues—such as costs, attorneys' fees, and contempt sanctions are under the jurisdiction of a trial court "after the principal suit has been terminated").

Maryland appellate courts have adopted and applied the *White* rationale with respect to claims for attorney's fees that are statute or Rule based and have held that such claims are collateral matters. *See, e.g., Blake v. Blake,* 341 Md. 326, 336, 670 A.2d 472 (1996) (holding that an appeal from a trial court's judgment on the merits does not deprive the judgment-rendering court of jurisdiction to consider an award of counsel fees under Maryland Code (1984, 1991 Repl.Vol., 1995 Cum. Supp.), §§ 11–110, 12–103 of the Family Law Article); *County Exec. of Prince George's County v. Doe,* 300 Md. 445, 451 n. 4, 479 A.2d 352 (1984) (holding that "under 42 U.S.C. § 1988, a claim for an attorney's fee [by the prevailing party], while an integral part of the remedy under 42 U.S.C. § 1983, is viewed as a collateral matter from the § 1983 action," and therefore such a "claim for an attorney's fee may be brought following a final judgment in a § 1983 action."); *Litty v. Becker,* 104 Md.App. 370, 376–78, 656 A.2d 365 (1995) (holding that a trial court could entertain a motion for sanctions under Rule 1–341, including reasonable attorney's fees, even after the judgment had been entered, appealed, and the appeal concluded because "a motion for costs pursuant to Md. Rule 1–341 is an 'independent proceeding supplemental to the original proceeding and a trial court is not deprived of jurisdiction' whenever costs are sought.")(quoting *Sprague,* 307 U.S. at 170, 59 S.Ct. 777); *Dent,* 61 Md.App. at 129–30, 485 A.2d 270 (holding that a trial court retained jurisdiction to entertain a motion for sanctions, including attorney's fees, more than three months after it had entered a final judgment, despite a pending appeal, because the issue of attorney's fees "raised legal issues collateral to the

main cause of action," which "would not affect the subject matter of the appeal").

Guided by the Supreme Court's analysis in *White*, and the opinions of the Court of Appeals and this Court, we conclude that appellee's post-judgment request for attorney's fees was "collateral to the main cause of action." *White*, 455 U.S. at 451, 102 S.Ct. 1162. The attorney's fee award in this case is not predicated on a statutory prevailing party provision, as in *White* and *Budinich*, but on the contractual obligation to pay attorney's fees to the "prevailing party . . . as determined by the court or arbitrator." For all practical purposes, we see no difference between payment of attorney's fees to a prevailing party under a statute and payment of attorney's fees to a prevailing party under a contract when the prevailing party was the defendant and did not make a claim for breach of the contract.

█ As elaborated upon below, the situation before us is very different from the situation in which the plaintiff in a breach of contract action is the prevailing party. Unlike that situation, the attorney's fees request in the present matter was not part of a breach of contract claim for damages. Further, it did not, in any way, urge the circuit court to reconsider its holdings of law and fact to determine whether its prior judgment was correct. Appellee's motion for attorney's fees is therefore not properly categorized as a motion under either Rule 2–534 or 2–535(a), which are treated the same in these circumstances. Like a Federal Rule 59(e) motion, they are usually "invoked only to support reconsideration of matters properly encompassed in a decision on the merits." *White*, 455 U.S. at 452, 102 S.Ct. 1162; P.V. Niemeyer and L.M. Schuett, Maryland Rules Commentary, 455 (3rd ed. 2003) (stating that a motion under 2–534 "asks the court to reconsider its judgment and to alter, modify, or reverse it, based on arguments made in the motion"). Consequently, the timeliness standards under Rule 2–534 and 2–535(a) are inapplicable to appellee's motion for fees.

Because those rules do not apply, "the only time limitation arises out of those equitable considerations that a[ ] judge may weigh in his discretion," *Hicks v. Southern Md. Health Sys. Agency,* 805 F.2d 1165, 1167 (4th Cir.1986)(quoted in *Litty,* 104 Md.App. at 376, 656 A.2d 365), and the circuit court did not abuse its discretion by awarding attorney's fees and costs to appellee just over one month after the entry of judgment.

Before closing, we note that appellee did not file a brief in this case but suggested by correspondence that the issue before us is controlled by our decision in *Monarc Construction, Inc. v. Aris Corporation,* 188 Md.App. 377, 981 A.2d 822 (2009). In *Monarc,* the plaintiff in a breach of contract action was the prevailing party. After a judgment on the merits, the plaintiff sought attorney's fees based on a provision in the contract. Because attorney's fees awardable pursuant to contract are a part of the contract claim, based on the doctrine of merger, we held that the plaintiff could not recover fees because the contract merged into the final judgment and ceased to exist.

In the case before us, appellant did not prevail, and the contract remained in existence. Appellee made no claim for a breach of contract or damages and was not required to make such a claim. In these circumstances, appellee's request for fees is similar to a request for fees that is statute or Rule based and, therefore, is a collateral matter.

**JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.**