*Gwendolyn Nesbitt ET AL. v. Mid-Atlantic Builders of Davenport, Inc.*, No. 895, September Term 2021.  Opinion by Beachley, J.

**VOLUNTARY DISMISSAL—STAY PENDING ARBITRATION**

**COLLATERAL ISSUES—CONFIRMATION OF ARBITRATION AWARD—ATTORNEYS' FEES**

Gwendolyn Nesbitt and Leeroy Nesbitt entered into a contract with Mid-Atlantic Builders of Davenport, Inc., for the purchase of residential property. Nearly three years later, the Nesbitts filed a complaint in the Circuit Court for Prince George's County alleging that the contract violated the disclosure requirements set forth in Md. Code (1974, 2015 Repl. Vol.), § 14-117(a)(3) of the Real Property Article ("RP").  Mid-Atlantic filed a motion requesting that the court either dismiss the case or compel arbitration.  Mid-Atlantic also requested attorneys' fees pursuant to the arbitration provision in the contract.

The circuit court issued an order compelling arbitration and staying the case without deciding the attorneys' fees issue.  During arbitration, Mid-Atlantic filed a counterclaim, again requesting attorneys' fees.  The arbitrator concluded that Mid-Atlantic did not violate RP § 14-117, but did not decide the attorneys' fees issue, instead deferring to the court to decide when the confirmation award was confirmed.

Shortly after the arbitration decision was issued, the Nesbitts filed a notice of dismissal in the circuit court.  Mid-Atlantic filed a motion requesting that the court strike the notice of dismissal, confirm the arbitration award, and award attorneys' fees to Mid-Atlantic.

The circuit court granted Mid-Atlantic's requests, and the Nesbitts appealed.

*Held*: Judgment affirmed.  Although there is no case in Maryland directly on point, Md. Rule 2-506(a) is substantively similar to Fed. Rule 41(a)(1), and Maryland courts may therefore consider federal cases as persuasive authority in interpreting the rule. Additionally, both the Maryland Uniform Arbitration Act and the Federal Arbitration Act contemplate that, in the absence of a motion to vacate, modify, or correct the award, the court shall confirm the arbitration award.  An Eleventh Circuit case, *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299 (11th Cir. 2016), concerned a nearly identical fact pattern.  In that case, the Eleventh Circuit held that, although the plaintiff could voluntarily dismiss its claims under Fed. Rule 41(a)(1), such dismissal did not divest the trial court of jurisdiction to confirm the arbitration award.  The Eleventh Circuit's interpretation of the federal rules and statutes is consistent with a reasoned interpretation of the relevant Maryland rules and statutes.  Thus, confirmation of an arbitration award is a collateral issue which may be decided after the principal suit has been terminated.  Accordingly, although the circuit court may have erred in striking the notice of dismissal, the court retained jurisdiction to confirm the arbitration award and consider Mid-Atlantic's counterclaim for attorneys' fees.

Circuit Court for Prince George's County
Case No. CAL 1924242

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 895

September Term, 2021

_____

GWENDOLYN NESBITT ET AL.

v.

MID-ATLANTIC BUILDERS OF
DAVENPORT, INC.

_____

Beachley,
Shaw,
Eyler, James R.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Beachley, J.

_____

Filed:  September 28, 2022

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

Gwendolyn and Leeroy Nesbitt, appellants, filed a class action lawsuit against Mid-Atlantic Builders of Davenport, Inc., appellee, in the Circuit Court for Prince George's County, asserting that appellee violated various statutory disclosure requirements pertaining to water and sewer assessments in the sale of residential real property. The case was stayed pending arbitration. After the arbitrator rendered a decision adverse to appellants, appellants filed a Notice of Dismissal.[1] The circuit court ultimately struck appellants' Notice of Dismissal, lifted the stay, confirmed the arbitration award, and awarded attorneys' fees to appellee. Appellants noted this timely appeal and present the following questions for our review:

1. Whether the [c]ircuit [c]ourt had the authority or exceeded its authority in vacating a Notice of Dismissal filed pursuant to Maryland Rule 2-506(a)(1) and entered by the Clerk of the Court when the Notice of Dismissal was filed before the adverse party filed an answer[.]

2. Whether the [c]ircuit [c]ourt had the authority or exceeded its authority in awarding attorneys' fees pursuant to Maryland Rule 2-704 for a claim for breach of contract when the requesting party failed to include any such [] claim in its initial or amended pleading[.]

We conclude that, regardless of whether the court erred in striking appellants' Notice of Dismissal, the court retained jurisdiction to confirm the arbitration award and adjudicate appellee's claim for attorneys' fees.

---

[1] The Notice of Dismissal in this case stated, in its entirety: "Plaintiff Gwendolyn Nesbitt files this Notice of Dismissal with Prejudice pursuant to Md. Rule 2-506(a)(1) in the above captioned matter. The dismissal of this matter shall be entered with prejudice." It therefore appears that the Notice of Dismissal was only filed as to Gwendolyn Nesbitt. However, because this detail was neither relied upon by the circuit court, nor argued by either party, we shall proceed as though all plaintiffs were named in the Notice of Dismissal.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 10, 2016, appellants entered into a contract with appellee for the purchase of residential property. The property was subject to a Declaration of Deferred Water and Sewer Charges (the "Declaration"), consisting of a continuing lien to reimburse Savannah Utility Company for the cost of constructing water and sewer systems serving the real estate development. The Declaration imposes an annual charge of $1,020 for thirty years, although the property owner may prepay the deferred charges in a lump sum amount computed by Savannah Utility Company. The Purchase Agreement executed by the parties contained an addendum notifying appellants of the Declaration.

On August 5, 2019, appellants filed a class action complaint alleging that appellee provided inaccurate information concerning the deferred charges and prepayment option, thereby violating the disclosure requirements set forth in Md. Code (1974, 2015 Repl. Vol.), § 14-117(a)(3) of the Real Property Article ("RP"). The purported class consisted of:

> All persons who entered into a purchase agreement with Mid-Atlantic on or after January 1, 2015 for the initial sale of residential real property located in Prince George's County, Maryland for which there are deferred private water and sewer assessments recorded by a covenant or declaration.

The class action complaint alleged three separate statutory violations of RP § 14-117.

On October 23, 2019, appellee filed a Motion to Dismiss or, in the Alternative, to Compel Arbitration. Appellee alleged that, pursuant to the Purchase Agreement, appellants were required to submit their claims to binding arbitration. Appellees additionally requested, pursuant to the Purchase Agreement, attorneys' fees incurred to enforce the

arbitration provision of the contract. In this respect, the arbitration provision provided: "If either party, in violation of this arbitration provision, commences legal action in a court, the other party shall have the right to have such legal action dismissed and to recover the cost of obtaining the dismissal, including reasonable attorneys' fees and court costs." In opposing this motion, appellants argued that appellee had breached the underlying contract and waived its right to arbitration.[2] Appellants also argued that appellee was not entitled to attorneys' fees.

After a hearing on December 11, 2019, the court issued an order compelling arbitration and stayed the case pending the "resolution of the issues through arbitration." The court did not explicitly address the attorneys' fees issue in its December 2019 order.

Pursuant to the court's December 2019 order, the case proceeded to arbitration. In the arbitration proceeding, appellee filed a counterclaim in which it sought to recover the "costs associated with addressing" appellants' complaint that was filed in violation of the arbitration provision. An arbitrator presided over a hearing on October 28, 2020, and heard testimony from appellant Gwendolyn Nesbitt and appellee's representative, Roger Lebbin, President of Mid-Atlantic Builders. The parties submitted post-hearing briefs to the arbitrator. On January 26, 2021, the arbitrator issued his decision, concluding that appellee did not violate RP § 14-117. Regarding appellee's request for attorneys' fees, the arbitrator was concerned that the attorneys' fees provision in the contract had not been triggered because "the case ha[d] not yet been technically dismissed," and further concluded:

_____

[2] Appellants also asserted that the arbitration provision was unconscionable.

It is the Arbitrator's view that the Circuit Court has inherent authority following the resolution of this arbitration to condition such a dismissal on the determination and award of costs and attorneys' fees. Moreover, the Arbitrator believes that [the circuit court judge] is in a better position to assess the reasonableness of the costs and attorneys' fees associated with the civil action, the Motion and hearing she conducted with respect to the Motion to Dismiss or Compel Arbitration. Ultimately, when the Court considers the request to lift the stay of the case, it also is vested with the authority to remand this matter to the Arbitrator to resolve the counterclaim if the Court believes that would be a more prudent course of action. For all of these reasons, the Arbitrator defers to [the circuit court judge]—who the Arbitrator believes is positioned to consider the request for attorneys' fees and determine whether to condition any dismissal of the action with an award of costs and attorneys' fees.

On February 9, 2021, just fourteen days after the issuance of the arbitration decision adverse to them, appellants filed a Notice of Dismissal with Prejudice in the circuit court. The clerk entered the dismissal on February 11, 2021.

On February 12, 2021, appellee filed a motion requesting that the court strike appellants' notice of dismissal, confirm the arbitration award, and award appellee attorneys' fees. In their opposition to appellee's motion to strike the notice of dismissal, appellants argued that, because appellee had never filed an answer in the circuit court case, the court had "no authority to 'strike' a Notice of Dismissal filed pursuant to Maryland Rule 2-506(a)(1)." Appellants additionally argued that appellee was not entitled to attorneys' fees because, under the terms of the contract, appellee may only "recover the cost of obtaining the dismissal." Appellants reasoned that, because they voluntarily dismissed their complaint, appellee did not "obtain[] the dismissal."[3]

---

[3] Appellants also asserted that appellee had "no contractual right to request attorneys' fees related to the improper filing" of appellee's Motion to Strike Notice of Dismissal, reasoning that the "case had already been dismissed pursuant to Rule 2-506(a)."

4

After a hearing, the circuit court granted appellee's motion to strike appellants' notice of dismissal, lifted the stay, confirmed the arbitration award, and awarded $8,644.43 in attorneys' fees and costs to appellee. In its June 7, 2021 order, the circuit court provided the following reasoning for striking the notice of dismissal:

> The Court stayed this case by its December 2019 Order. Therefore, the Clerk of the Circuit Court lacked the authority to dismiss this matter under Md. Rule 2-506(a)(1). To decide otherwise would allow [appellants] to circumvent the Court's grant of [appellee]'s Motion to Compel Arbitration and render the Arbitration and its subsequent award to [appellee], in this case, a nullity. This result is not supported by the public policy goal of judicial economy or parties' right to choose their litigation forum.

On June 16, 2021, appellants filed a Motion to Alter Judgment, arguing for the first time that appellee was not entitled to attorneys' fees because it had not included a claim for attorneys' fees in an initial pleading in accordance with Rule 2-704(b). Appellants also continued to challenge the circuit court's authority to strike their Notice of Dismissal. Appellee filed an Opposition to Plaintiffs' Motion to Alter Judgment, arguing that, because appellants had not raised their Rule 2-704 argument previously, they had waived it. On July 28, 2021, the circuit court denied appellants' Motion to Alter Judgment without a hearing. Appellants then noted this appeal.

## DISCUSSION

Appellants argue that the circuit court erred in two ways: first, by striking their Notice of Dismissal, and second, by awarding attorneys' fees to appellee. We shall hold that even if the circuit court erred in striking appellants' Notice of Dismissal, the court retained jurisdiction to confirm the arbitration award and, in accordance with the arbitrator's decision, adjudicate appellee's claim for attorneys' fees.

5

We review the decision to strike appellants' Notice of Dismissal for legal error, giving no deference to the circuit court. Although we typically review the court's decision to award attorneys' fees pursuant to a contract provision *de novo*, *Nova Research, Inc. v. Penske Truck Leasing Co.*, 405 Md. 435, 448 (2008) (citing *Diamond Point v. Wells Fargo*, 400 Md. 718, 751 (2007)), we review the denial of appellants' motion to alter or amend for abuse of discretion, recognizing that a trial court does "not have discretion to apply incorrect legal standards," *Barrett v. Barrett*, 240 Md. App. 581, 591 (2019).

Appellants argue that "a plaintiff has the absolute right to voluntarily dismiss a case pursuant to Maryland Rule 2-506(a) at any time before the adverse party files an answer." Appellants reason that because appellee had not filed an answer, they had the unfettered right to dismiss their case, thereby precluding the court from even considering appellee's Motion to Strike Notice of Dismissal.

Although there is a dearth of caselaw on this issue, we find the Eleventh Circuit's analysis in *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299 (11th Cir. 2016), instructive and persuasive. There, PTA-FLA, despite the existence of an arbitration clause in the underlying agreement, sued ZTE USA in state court, alleging that ZTE USA breached a contract to provide PTA-FLA with suitable telecommunications equipment. *Id.* at 1302. ZTE USA removed the action to the United States District Court for the Middle District of Florida (the "district court"), and moved to compel arbitration. *Id.* at 1303. The district court granted the motion to compel arbitration and stayed the case. *Id.* Because three other corporations related to PTA-FLA had filed similar lawsuits against ZTE USA in several other federal district courts, "[a]ll of the parties involved in these disputes participated in a

6

consolidated arbitration proceeding that resulted in a zero-dollar award binding ZTE USA and the four affiliated corporations." *Id.* at 1301.

On the same day the arbitration decision was issued, ZTE USA moved to reopen the original case between PTA-FLA and ZTE USA, join the other three PTA-FLA affiliated companies in that case, and confirm the arbitration award. *Id.* at 1303. ZTE additionally sought to transfer all of the related cases to the Judicial Panel for Multidistrict Litigation (JPML) for consolidation. *Id.* "Then, with both ZTE USA's motion to confirm [the arbitration award] and the consolidation request pending, PTA-FLA voluntarily dismissed its claims in the original Middle District of Florida proceeding." *Id.* After the JPML denied ZTE USA's consolidation request, the district court conducted a hearing to consider the effect of PTA-FLA's voluntary dismissal. *Id.* at 1304.

The district court ruled that while PTA-FLA could, pursuant to Federal Rule of Civil Procedure 41(a)(1),[4] voluntarily dismiss its own claims against ZTE-USA, "the voluntary

---

[4] Fed. Rule 41(a)(1) provides:

(A) Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

7

dismissal did not extinguish ZTE USA's motion to confirm" the arbitration award. *Id.* The district court therefore reopened the case, joined PTA-FLA's three affiliated companies as parties to that action, and confirmed the arbitration award as to all parties. *Id.*

On appeal, the Eleventh Circuit Court of Appeals began its analysis by reiterating the "undisputed" proposition that "when a federal district court grants a motion to compel arbitration, it retains jurisdiction to confirm or vacate the resulting arbitration award" under the Federal Arbitration Act ("FAA"). *Id.* at 1305 (quoting *TranSouth Fin. Corp. v. Bell*, 149 F.3d 1292, 1297 (11th Cir. 1998)) (citing 9 U.S.C. §§ 9–10). Noting that Section 9 of the FAA requires the court to confirm an arbitration award unless the award is vacated, modified, or corrected pursuant to other sections of the FAA, the court concluded that the power to compel arbitration likewise provides the court with the power to confirm the award. *Id.* at 1306.

The court then proceeded to consider the effect of PTA-FLA's voluntary dismissal. Although the court ultimately affirmed the district court's judgment, it disagreed with the district court's rationale. *Id.* The Eleventh Circuit concluded that PTA-FLA could dismiss its own claims under Fed. Rule 41(a)(1), but held that PTA-FLA's voluntary dismissal did not divest the court of jurisdiction to confirm the arbitration award because ZTE USA's motion to confirm the award constituted a "collateral claim" over which the court retained jurisdiction. *Id.* at 1308. The court held,

> Confirmation of an arbitral award is precisely such a collateral proceeding. ZTE USA's motion to confirm existed solely because the district court compelled arbitration. It arose from the same transaction that formed the basis of the main proceeding, over which the district court properly exercised diversity jurisdiction. By requesting confirmation, ZTE

8

USA did not seek a "judgment on the merits of [the] action," [*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990),] nor did it request a modification of the arbitrator's final decree. The motion was filed after the merits of the underlying action were fully and completely resolved through arbitration. ZTE USA merely sought confirmation of the arbitral award— exactly as it was issued by the arbitrator—so that the award would be finalized and protected against challenges in other courts. The district court thus retained jurisdiction over the motion to confirm.

*Id.* at 1309 (first alteration in original). In the end, the court ruled that "[p]reserving jurisdiction over collateral issues is 'consistent with the policy and purpose of Rule 41(a)(1), which was designed to limit a plaintiff's ability to dismiss an action.'" *Id.* (quoting *Cooter & Gell*, 496 U.S. at 397).[5]

Turning to the instant case, we initially note that Md. Rule 2-506(a) is substantively similar to Fed. Rule 41(a)(1). *See* Paul V. Niemeyer & Linda M. Schuett, Maryland Rules Commentary 628–29 (5th ed. 2021 Supp.). Md. Rule 2-506(a) provides:

(a) Except as otherwise provided in these rules or by statute, a party who has filed a complaint, counterclaim, cross-claim, or third-party claim may dismiss all or part of the claim without leave of court by filing (1) a notice of dismissal at any time before the adverse party files an answer or (2) a stipulation of dismissal signed by all parties to the claim being dismissed.

---

[5] The Eleventh Circuit reaffirmed this holding last year, noting:

Reading Federal Rule of Civil Procedure 41(a), *Cooter & Gell* [496 U.S. 384 (1990),] and our case law together, it is clear that even when a voluntary dismissal disposes of an entire action, district courts retain jurisdiction to consider at least five different types of collateral issues: costs, fees, contempt sanctions, Rule 11 sanctions, and motions to confirm arbitral awards.

*Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1266 (2021).

9

Putting aside whether appellants could properly file their Notice of Dismissal while the court's stay order was in place,[6] we agree with the Eleventh Circuit's reasoning in *PTA-FLA*. Under the plain text of the voluntary dismissal rule, except as otherwise provided by rule or statute, "only the filing of an answer . . . terminates a plaintiff's ability to voluntarily dismiss its claims without a court order." *PTA-FLA*, 844 F.3d at 1307 (emphasis removed).[7] Thus, we conclude that, because appellee had not yet filed an answer, appellants were entitled to dismiss their three-count complaint without leave of court pursuant to Rule 2-506(a).

That appellants were entitled to voluntarily dismiss their complaint pursuant to Rule 2-506(a) does not end the inquiry. As we shall explain, we agree with the *PTA-FLA* court that a voluntary dismissal does not divest the court of jurisdiction to confirm an arbitration award.

Prior to the filing of appellants' Notice of Dismissal, the case proceeded as contemplated by the Maryland Uniform Arbitration Act, Md. Code (1974, 2020 Repl. Vol.), § 3-201, *et seq.*, of the Courts and Judicial Proceedings Article ("CJP"). In its initial motion, appellee requested the court to order arbitration, as provided by CJP § 3-207(a);

---

[6] Although we doubt that appellants could effectively file their Notice of Dismissal in light of the court's stay order, we need not decide that issue. Our holding that the court retained collateral jurisdiction over the arbitration is not dependent on whether appellants voluntarily dismissed their complaint prior to the court lifting the stay or immediately thereafter.

[7] Federal Rule 41(a)(1)(A)(i) varies slightly from Rule 2-506 because it permits a plaintiff to dismiss an action without leave of court by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."

after the court determined that an arbitration agreement existed (and arbitration was not waived), it ordered arbitration, as provided by CJP § 3-207(c). The court's arbitration order also provided that the case would be stayed, as required by CJP § 3-209:

(a) A court shall stay any action or proceeding involving an issue subject to arbitration if:

(1) A petition for order to arbitrate has been filed; or

(2) An order for arbitration has been made.

(b) If the issue subject to arbitration is severable, the court may order the stay with respect to this issue only.

(c) If a petition to stay has been filed with a court where any action or proceeding concerning arbitration is pending, the court's order to arbitrate shall include the stay.

The parties then proceeded through the arbitration process, and the arbitrator issued an award in writing, as provided by CJP § 3-219.

At that point, the Maryland Uniform Arbitration Act offers several options for how the case may proceed. Within 20 days after delivery of the arbitration award, a party may apply to the arbitrator to modify or correct the award, under CJP § 3-222; within 30 days, a party may petition the court to vacate the award, under CJP § 3-224; or, within 90 days, a party may petition the court to modify or correct the award, under CJP § 3-223. If no challenge to the award has been filed, a party may petition the court to confirm the arbitration award, and the court "shall confirm the award." CJP § 3-227; *see Prince George's Cnty. Police Civilian Emps. Ass'n v. Prince George's Cnty.*, 447 Md. 180, 195–96 (2016) ("A trial court must confirm an arbitration award unless the [arbitration] award

11

is challenged within the applicable time constraints." (alteration in original) (quoting *Bd. of Educ. of Charles Cnty. v. Educ. Ass'n of Charles Cnty.*, 286 Md. 358, 366 (1979))).

The Maryland Uniform Arbitration Act, like the Federal Arbitration Act, contemplates that, in the absence of a motion to vacate, modify, or correct the award, the court shall confirm the arbitration award. We agree with *PTA-FLA* that a court that compels arbitration retains jurisdiction to confirm the arbitration award independent of a party's voluntary dismissal of its complaint. 844 F.3d at 1309. We likewise conclude that a motion to confirm is a collateral claim over which the court retains jurisdiction. *Id.* at 1308; *cf. Logan v. LSP Marketing Corp.*, 196 Md. App. 684, 702 (2010) (noting that costs, attorneys' fees, contempt, and sanctions are collateral issues, which may be decided "after the principal suit has been terminated." (quoting *Mullaney v. Aude*, 126 Md. App. 639, 652 (1999))); *Grove v. George*, 192 Md. App. 428, 436 (2010) (upholding court's authority to award attorney's fees under a contractual fee-shifting provision despite the fact that the request was made more than thirty days after entry of judgment because issue of attorney's fees was "collateral to the main cause of action." (quoting *White v. New Hampshire*, 455 U.S. 445, 451 (1982))). The *PTA-FLA* court aptly noted, "since the district court had the power to preside over the prearbitration proceedings, it also had independent jurisdiction to hear claims that were collateral to the proceeding." *PTA-FLA*, 844 F.3d at 1308. This interpretation is consistent with the Maryland Uniform Arbitration Act's express grant of authority to the court to vacate, modify, or correct an arbitration award in accordance with its provisions. We therefore conclude that the court here retained jurisdiction to confirm the award and consider appellee's counterclaim for attorneys' fees that was litigated in

12

arbitration without objection and expressly reserved by the arbitrator for the court's consideration.[8]

Finally, appellants argue that the circuit court "lacked the authority to award [appellee] attorneys' fees because [appellee] never plead[ed] a cause of action for damages for breach of contract" as required by Rule 2-704 governing contractual attorneys' fees.[9] Because appellants first raised this argument in their Motion to Alter Judgment, we apply a highly deferential standard of review:

> With respect to the denial of a Motion to Alter or Amend, . . . the discretion of the trial judge is more than broad; it is virtually without limit. What is, in effect, a post-trial motion to reconsider is not a time machine in which to travel back to a recently concluded trial in order to try the case better with hindsight. The trial judge has boundless discretion not to indulge this all-too-natural desire to raise issues after the fact that could have been raised earlier but were not or to make objections after the fact that could have been earlier but were not.

*Steinhoff v. Sommerfelt*, 144 Md. App. 463, 484 (2002). The Court of Appeals has also addressed this issue:

> [A] motion to alter or amend under Rule 2-534 is not an occasion for a party to make arguments that it neglected to make initially. A circuit court does not abuse its discretion when it declines to entertain a legal argument made

---

[8] Indeed, as the arbitrator noted, the court retained "the authority to remand this matter to the Arbitrator to resolve the counterclaim [for attorneys' fees]."

[9] In their reply brief, appellants also argued that, under the terms of the contract, a party may only recover "the cost of obtaining the dismissal," and appellee did not "obtain[] the dismissal" due to the fact that appellants dismissed the case prior to any court action. Because this argument did not appear in appellants' opening brief, we decline to consider it. *See Bryant v. Bryant*, 220 Md. App. 145, 173 (2014) ("The purpose of a reply brief is to *reply* within the boundaries established by first, the appellant's brief and then, more narrowly, the appellee's brief."); *Anderson v. Burson*, 196 Md. App. 457, 476 (2010) ("A reply brief cannot be used as a tool to inject new argument." (quoting *Strauss v. Strauss*, 101 Md. App. 490, 509 n.4 (1994))).

for the first time in a motion for reconsideration that could have, and should have, been made earlier, and consequently was waived.

*Morton v. Schlotzhauer*, 449 Md. 217, 232 n.10 (2016) (citation omitted).

In light of these well-established principles, we conclude that the circuit court did not abuse its discretion in denying appellants' Motion to Alter Judgment based on an argument that they "neglected to make initially." [10],[11] *Id.*

## CONCLUSION

We hold that, although the circuit court may have erred in striking appellants' Notice of Dismissal because the plain language of Rule 2-506(a) permitted them to dismiss their complaint, the court retained jurisdiction under the Maryland Uniform Arbitration Act to confirm the arbitration award and adjudicate appellee's counterclaim for attorneys' fees. In our view, this result comports with the directive to "give the rule a reasonable

---

[10] We note that we see no evidence in the record that appellants objected to appellee's filing of its counterclaim in the arbitration proceeding. We further note that appellants did not challenge appellee's claim that it incurred $8,644.43 in attorneys' fees to compel arbitration and secure the stay. Thus, all claimed fees were incurred long before the filing of appellants' Notice of Dismissal in February 2021 and the court's ultimate dismissal in June 2021.

[11] In its brief, appellee argues that it is entitled to attorneys' fees incurred as a result of this appeal. The Maryland Uniform Arbitration Act permits the recovery of attorneys' fees for actions to enforce an arbitration award, including amounts incurred at the appellate level. *Blitz v. Beth Isaac Adas Israel Congregation*, 352 Md. 31, 47 (1998); CJP § 3-228(b). Rule 2-706 provides that the procedure for obtaining an award of attorneys' fees for appellate litigation is to file a motion in the circuit court "(a) within 30 days after entry of the last mandate or order disposing of the appeal, application, or petition; or (b) if an appellate court remands for further proceedings, within 30 days after the entry of a final order disposing of all claims." That Rule governs appellee's request for attorneys' fees related to this appeal.

14

interpretation in tune with logic and common sense." *Holmes v. State*, 350 Md. 412, 422 (1998) (quoting *State v. Harrell*, 348 Md. 69, 80 (1997)); *see also* Rule 1-201(a) ("These rules shall be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay.").[12]

> **JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANTS.**

---

[12] Our opinion also comports with Rule 2-506(c), which provides, in relevant part, that a plaintiff's voluntary dismissal may be allowed as long as any "counterclaim can remain pending for independent adjudication by the court."